1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Indenture Trustee, for New Century Home Equity Loan Trust 2005-1,<br><br>                        Plaintiff,<br><br>  v.<br><br>SAMIRA GHOSAL, et al.,<br><br>                        Defendants. | CASE NO. 14cv2582-GPC(WVG)<br><br>**ORDER *SUA SPONTE* REMANDING ACTION TO STATE COURT** |

11
12
13
14
15
16
17
18
19
20
21
22

        On October 29, 2014, Defendants Samira Ghosal and Francis Ghosal ("Defendants") filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for San Diego County.  Having reviewed Defendants' notice of removal, the Court finds it does not have subject matter jurisdiction over this action.  Accordingly, the Court *sua sponte* REMANDS the action to state court.

23

### Discussion

24
25
26
27
28

        The federal court is one of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007).  It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*,

[14cv2582-GPC(WVG)]

523 U.S. 83, 93-94 (1998); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A review of the state court complaint in this case shows that Plaintiff alleges a single unlawful detainer claim under California state law. (Dkt. No. 1-1.)

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In the notice of removal, Defendants allege that the Court has jurisdiction pursuant to federal question. (Dkt. No. 1.) Specifically, Defendants contend that federal question jurisdiction exists because "Plaintiff's claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." (Dkt. No. 1 ¶ 7.) Defendants further contend that

12 U.S.C. § 5201 "is drawn into this controversy in this action because the federal statute provides for a ninety (90) day notice period prior to the filing of any state eviction proceeding" and "Defendants assert and allege that Plaintiff did not allow the ninety day period to lapse before filing their claim." (*Id.*)

Defendants have not shown that removal is proper on the basis of federal question jurisdiction. The state court pleadings and papers accompanying the removal notice establish that the state court action is nothing more than an unlawful detainer action, and is titled as such. (Dkt. Nos. 1, 1-1, 1-2) This Court has no jurisdiction over unlawful detainer actions, which are brought pursuant to state law and fall strictly within the province of the state court. While Defendants may seek to raise a defense based on federal law in response to Plaintiff's unlawful detainer claim, any defenses based on federal law must generally be raised in the state court action and do not provide a basis for removal. "A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted); *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir .2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). As such, Defendants' allegations do not establish federal question jurisdiction under 28 U.S.C. § 1331.

Furthermore, Defendants do not argue and or otherwise show that removal is proper on the basis of diversity jurisdiction. In the notice of removal, Defendants state that Plaintiff is a limited liability company authorized to do business within the state of California and that Defendants "are individuals and residents of San Diego County, California." (Dkt. No. 1 ¶¶ 5-6.) Accordingly, it appears that both parties are citizens of California. Therefore, complete diversity is not present and, thus, removal is not

proper under diversity jurisdiction.  *See* 28 U.S.C. § 1332.

Moreover, even assuming that the parties are citizens of different states, Defendants have not demonstrated that the amount in controversy in this case exceeds $75,000.  A review of Plaintiff's complaint confirms that the action was filed as a "limited" civil case where the damages at stake are less than $10,000.  (Dkt. No. 1-1 at 8.)  When the plaintiff has alleged a specific amount in damages or alleged that damages do not exceed a specified amount, those damages allegations govern the propriety of removal.  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).  Here, Defendants have not established that this Court can maintain diversity jurisdiction given that, on its face, Plaintiff's complaint conspicuously describes the damages at stake as "not exceed[ing] $10,000" and seeks "damages in the amount of $88.77 per day from March 15, 2014."  (Dkt. No. 1-1 at 8, 14.)

Based on the foregoing, Defendants have not adequately established a basis for this Court's subject matter jurisdiction.  The Court must remand the case. *See* 28 U.S.C. § 1447(c).

### Conclusion

Based on the above, the Court *sua sponte* REMANDS the action to the Superior Court of the State of California for San Diego County.

**IT IS SO ORDERED.**

DATED:  November 3, 2014

HON. GONZALO P. CURIEL
United States District Judge

[14cv2582-GPC(WVG)]